**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

ANTONIO LEE O'BANNON                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:26-CV-00037-JHM

DR. ERIC LESCH, *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Antonio Lee O'Bannon, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court on initial review of the complaint and the amended complaint pursuant to 28 U.S.C. § 1915A.  [DN 1, DN 8].  For the reasons stated below, this action will be dismissed.

**I.**

At the time he filed the suit, Plaintiff was housed at the Kentucky Correctional Psychiatric Center (KCPC).[1]  He has since been returned to the Louisville Metro Department of Corrections. He sues KCPC Dr. Eric Lesch, the Department of Public Advocacy (DPA) Attorney Beth McMahon, Louisville Metro Public Defender[2] Attorney Sheila Seadler, and Secretary and former Secretary of the Kentucky Finance Administration Cabinet Holly M. Johnson and William Landrum III, respectively.  He sues each Defendant in his or her individual capacity.

Plaintiff alleges that Defendant Lesch made false allegations to the judge in his state criminal case by telling the judge that Plaintiff is delusional regarding "having an estate or inheritances from my mother."  [DN 1 at 4].  Plaintiff states that on December 30, 2025, he

---

[1] Based upon filings made in other actions brought by Plaintiff in this Court, it appears that he was involuntarily committed to KCPC under Ky. Rev. Stat. § 202C after being found incompetent to stand trial.  *See*, *e.g.*, *O'Bannon v. Dr. Allen,* No. 3:22-cv-628-JHM (DN 11); *O'Bannon v. K.C.P.C. et al.*, No. 3:24-cv-573-JHM (DN 5).

[2] Effective July 1, 2024, the DPA assumed administration of indigent defense services formerly provided by the Louisville—Jefferson County Public Defender Corporation.  *See* Ky. Rev. Stat. § 31.030 (2024); 2023 KY H.B. 568.

informed Defendant Lesch that "the courts" took one of his mother's property from her estate. Plaintiff represents that Defendant Lesch "told me good and that's what I get for filing lawsuits on the staff . . . and that he hopes I lose everything . . . ." [*Id.* at 5]. Plaintiff asserts that on July 14, 2025, Defendant Lesch testified in the state criminal case that Plaintiff was delusional about "having a[n] estate matter to take care of." [*Id.*]. Finally, Plaintiff complains that despite pending civil suits against him, Defendant Lesch was still trying to be Plaintiff's doctor at KCPC. [*Id.* at 6].

Plaintiff also asserts that Defendants McMahon and Seadler are forcing their representation on him after he filed a civil suit against them. Plaintiff states that there is now a conflict of interest.

Plaintiff represents that on July 25, 2025, the Commonwealth of Kentucky and Jefferson County seized property located in Louisville, Kentucky, belonging to Plaintiff's deceased mother in *Commonwealth of Kentucky, et al. vs. Patricia O'Bannon*, Civil Action No. 22-CI-401460.[3] Plaintiff represents that the property was auctioned off, was purchased by the Secretary of the Finance Administration Cabinet, and then the home was demolished without notice to Plaintiff who is the personal representative of his mother's estate.

As relief, Plaintiff seeks monetary damages and "for doctors to do thorough evaluation" and "to stop lying in court about persons mental status." Additionally, Plaintiff seeks to have the property in question returned to his mother's estate. [DN 1 at 7].

---

[3] The state court complaint reflects that the state, county, and Louisville Metro filed suit on December 31, 2022, against Patricia O'Bannon and others for (1) unpaid state, county, and school real estate ad valorem taxes owed on the property in question and (2) for unpaid civil penalty liens and uniform lien affidavits (code enforcement liens). The property sold at public auction for $17,000 to the Commonwealth of Kentucky, the County of Jefferson and Louisivlle/Jefferson County Metro Government by and on relation of William M. Landrum, III, Secretary of the Finance and Administration Cabinet.

The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A.  Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendant Lesch**

Plaintiff alleges that Defendant Lesch made false allegations to the state-court judge in Plaintiff's criminal case, testified in Plaintiff's state court criminal proceeding, said mean things to Plaintiff regarding the sale of his mother's property, and was still trying to be Plaintiff's doctor despite a conflict of interest.

Plaintiff's allegations against Defendant Lesch are based on the competency evaluations Defendant Lesch performed on Plaintiff during his placement at KCPC and his testimony regarding the evaluations and Plaintiff's progress at KCPC. "Witnesses enjoy absolute immunity from civil suit for damages based upon their proffered testimony." *Morris v. Bolton*, No. 3:18-CV-P633-RGJ, 2019 WL 587288, at *4 (W.D. Ky. Feb. 13, 2019) (citing *Briscoe v. LaHue*, 460 U.S. 325, 341–46 (1983)). "In the same vein, a psychologist or psychiatrist appointed by the court to conduct a competency examination performs functions essential to the judicial process and has absolute immunity from suit." *Id.* (citing *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987); *Morstad v. Dep't of Corr & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (psychologist who evaluated probationer pursuant to court order was absolutely immune from damages in a § 1983 action)). As

4

the Court-appointed psychiatrist who performed Plaintiff's competency evaluations and testified in court, Defendant Lesch has absolute immunity from Plaintiff's § 1983 claims for monetary damages.

Additionally, Defendant Lesch's alleged mean or inconsiderate statements do not rise to the level of a constitutional violation. *See*, *e.g.*, *Witten v. Schafer*, No. 5:23CV-P34-JHM, 2023 WL 5193772, at *1–2 (W.D. Ky. Aug. 11, 2023); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not rise to the level of a constitutional claim); *Robinson v. Donovan*, No. 4:13-CV-14752, 2015 WL 4528036, at *14 (E.D. Mich. July 27, 2015) (verbal abuse of suspect did not violate Fourth Amendment).

Additionally, Plaintiff's request for injunctive relief for doctors to do a thorough evaluation and "to stop lying in court about a person's mental status" also fails. Plaintiff has now been released from KCPC, and his state criminal case is proceeding. Therefore, his claim for injunctive relief will likewise be dismissed.

### B. Attorney Defendants

Plaintiff sues McMahon and Seadler, his public defenders. It is well-settled that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against McMahon and Seadler stemming from their roles as criminal defense counsel must be dismissed for failure to state a claim upon which relief may be granted.

### C.  Defendants Johnson and Landrum

Plaintiff filed suit against the current and former Secretary of the Commonwealth of Kentucky Finance and Administration Cabinet, Holly M. Johnson and William M. Landrum III, alleging they are liable for the seizure of his late mother's property.  However, Plaintiff alleges no personal involvement of Defendants Johnson or Landrum in the state-court tax collection/lien collection proceeding.  *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  To the extent that he sues Defendants Johnson and Landrum based on their roles as the Secretary of the Finance and Administrative Cabinet, the claims would still fail because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'"  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Because the amended complaint contains no allegations that Defendants Johnson or Landrum were actively involved in an alleged violation of Plaintiff's constitutional rights, any claim against them based solely on a supervisory role must be dismissed for failure to state a claim upon which relief may be granted.  *See also Johnson v. Shaw*, No. 4:22-CV-P152-JHM, 2023 WL 3325919, at *3 (W.D. Ky. May 9, 2023).

Additionally, Plaintiff's request for injunctive relief in the form of having the property in question returned to his mother's estate is barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided

in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).  "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).  The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).  Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court.  *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

Therefore, Plaintiff's request for injunctive relief from the state-court judgment and sale of the property must be dismissed as barred by the *Rooker-Feldman* abstention doctrine.

**IV.**

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: May 22, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.014